Filed 11/21/25  P. v. Rice CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B337626 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. XEAKA124451 |
| RAYMOND LEONARD RICE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Jr., Judge.  Vacated in part, remanded with instructions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

In 2023, a jury convicted Defendant-Appellant Raymond Leonard Rice of first degree murder and other offenses, and found gun use allegations true. Then, in a bifurcated proceeding, the trial court found that Rice sustained two prior strike convictions. The trial court sentenced him to 100 years to life in state prison under the Three Strikes law.

On appeal, Rice raises two arguments regarding his sentence. First, he contends that the trial court erroneously failed to make a finding that his prior convictions constituted strikes. We reject this contention because it is belied by the record.

Second, Rice argues the trial court erroneously used his 2012 prior conviction to sentence him under the Three Strikes law without first determining whether that gang-enhanced felony could have been obtained after amendments enacted by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 699) (AB 333). We agree.

Two weeks after Rice filed his reply brief, our Supreme Court issued an opinion that squarely supports Rice's position. In *People v. Fletcher* (2025) 18 Cal.5th 576 (*Fletcher*), the court held that "where a defendant has suffered a conviction under the prior version of [Penal Code[1]] section 186.22, [AB 333] applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements." (*Fletcher*, at p. 583.) Following *Fletcher*, we vacate the trial court's true finding that Rice's 2012 conviction

---

[1] All undesignated statutory references are to the Penal Code.

qualifies as a strike, and we remand the matter to the trial court for any retrial of that prior conviction allegation, applying the elements of section 186.22 as amended by AB 333.  (See *Fletcher*, at p. 608.)

Rice lastly asks this court to independently review the trial court's examination of confidential police officer files potentially disclosable to the defense under *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*).  The trial court conducted an in-camera examination of materials contained in the confidential files using the method first provided for in *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*) and codified in Evidence Code sections 1043 through 1045.  We have independently reviewed the trial court's examination.  We perceive no procedural or substantive error.

## BACKGROUND[2]

The jury convicted Rice of murder (§ 187, subd. (a); count one), shooting at an occupied motor vehicle (§ 246; count two), shooting at an inhabited house (§ 246, subd. (a); count three), and unlawful possession of a firearm by a felon (§ 29800; count four).  On counts one and two, the jury found several gun use allegations true, including that Rice personally and intentionally discharged a firearm proximately causing death under section 12022.53, subdivision (d).  In a bifurcated proceeding, the trial court found that Rice had sustained two prior convictions that

---

[2]   We omit the facts underlying Rice's convictions because they have no bearing on the issues presented in this appeal.

constituted serious felonies and strikes. (§§ 667, subds. (a)(1), (b)-(i), 1170.12, subds. (a)-(d).)[3]

The court sentenced Rice to 100 years to life in state prison, consisting of 25 years to life on count one, tripled under the Three Strikes law, plus a consecutive 25-years-to-life enhancement imposed under section 12022.53, subdivision (d).[4] Rice timely appealed.

## DISCUSSION

As noted above, Rice raises two contentions that the trial court erred in sentencing him to 100 years to life under the Three Strikes law. We will discuss each argument in turn, then we will address Rice's request that we examine the sealed record of his in-camera hearing.

**I.  The trial court specifically found that Rice's prior convictions constituted strikes**

First, Rice argues that the trial court erred by not making "a specific finding that [his] prior convictions constituted strikes under the Three Strikes law." This contention is refuted by the record. In the amended information, the prosecution alleged that Rice's prior convictions were strikes under the Three Strikes law. Relying on exhibits introduced by the prosecution that documented Rice's prior convictions, the trial court found beyond

---

[3]  Significantly for purposes of this appeal, as noted above, and as discussed in greater detail below, Rice's 2012 prior conviction was a gang-enhanced felony under section 186.22.

[4]  On counts two through four, the trial court stayed sentencing under section 654. The court also struck two five-year prior serious felony enhancements. (§ 667, subd. (a)(1).)

a reasonable doubt that both prior convictions were "true as alleged," i.e., as strikes.  At sentencing, the trial court reiterated that the "prior offenses qualified as strikes."  We therefore reject Rice's argument that the trial court erred by not making a specific finding that the prior convictions were strikes.[5]

## II.    Remand is warranted under *Fletcher*

Rice next argues that the prosecution "failed to prove beyond a reasonable doubt that [his] 2012 conviction, which included a section 186.22 enhancement, qualifies as a strike" because the prior conviction predated the Legislature's enactment of AB 333 in 2021.  We agree with Rice and, following *Fletcher*, we remand the matter to the trial court for further proceedings.

### A.    Background

"The 'Three Strikes' law is a sentencing scheme that requires a court to double or sometimes triple the punishment for a felony offense if the defendant was previously convicted of a crime that qualifies as a 'serious' or 'violent' felony.  (Pen. Code, §§ 667, subd. (e), 1170.12, subd. (c)[ ].)  The 'serious' or 'violent' felonies that trigger this sentencing scheme, commonly referred to as 'strikes' or 'strike priors,' are enumerated by statute. (§§ 1192.7, subd. (c), 667.5, subd. (c).)  If a defendant's current offense is a serious felony, the defendant is also subject to a five-year prior serious felony enhancement — a so-called 'nickel prior' — in addition to any strike.  (§ 667, subd. (a)(1).)  The list of

---

[5]    Because we reject Rice's argument on the merits, we need not address the Attorney General's contention that Rice forfeited it by not raising it in the trial court.

5

'serious' felonies includes 'any felony offense, which would also constitute a felony violation of Section 186.22.' (§ 1192.7, subd. (c)(28).) Section 186.22 defines substantive gang offenses and gang enhancements." (*Fletcher*, *supra*, 18 Cal.5th at p. 582.)

In 2021, the Legislature amended section 186.22 with the passage of Assembly Bill No. 333. Among other things, AB 333 changed the elements of gang offenses and enhancements by narrowing the definitions of "criminal street gang," "pattern of criminal activity," and "what it means for an offense to have commonly benefitted a street gang." (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)

The Supreme Court granted review in *Fletcher* to resolve a split in authority among Courts of Appeal concerning "whether Assembly Bill 333 applies to a sentencing court's determination of whether a defendant's conviction under the prior version of section 186.22 qualifies as a prior serious felony conviction for purposes of prior serious felony enhancements and the Three Strikes law and, if so, whether its application constitutes an improper legislative amendment of a ballot initiative." (*Fletcher*, *supra*, 18 Cal.5th at p. 583.) The Court held: "Although the relevant statutes are not paragons of clarity, we conclude that where a defendant has suffered a conviction under the prior version of section 186.22, [AB 333] applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements." (*Fletcher*, at p. 583.) The Court further held that "such application of [AB 333] does not unconstitutionally amend any ballot initiative." (*Ibid.*)

Rice's 2012 prior conviction was for committing a gang-enhanced felony under section 186.22.[6]  In the amended information, the prosecution alleged that this 2012 conviction was a prior strike under the Three Strikes law and a prior serious felony within the meaning of section 667, subdivision (a)(1).  The trial court found those allegations true, struck the five-year prior serious felony enhancements, and sentenced Rice under the Three Strikes law.

B.	Analysis

As noted above, after briefing concluded in this case, in *Fletcher*, our Supreme Court resolved a split in the Courts of Appeal regarding the issue currently presented and agreed with Rice's position.  *Fletcher* concluded that "with regard to prior convictions like [Rice's] that are premised on violations of section 186.22, current law applies in determining whether they qualify as prior serious felony convictions under section 1192.7, subdivision (c)(28)."  (*Fletcher*, *supra*, 18 Cal.5th at p. 587.)

---

[6]	Although the amended information alleged that the 2012 prior conviction was a substantive gang offense in violation of section 186.22, subdivision (a), the documentary evidence introduced by the prosecution to prove the 2012 conviction clarified that it was for a violation of section 29800, subdivision (a)(1) (possession of a firearm by a felon) that included a gang enhancement under section 186.22, subdivision (b)(1)(A).  We grant Rice's motion to augment the record to include People's Exhibit 82, which is a section 969b packet documenting Rice's prior convictions, and includes the abstract of judgment of his 2012 conviction showing that it was a gang-enhanced felony.  Because we grant Rice's attorney's motion to augment the record to include People's Exhibit 82, we need not rule on her separate request for late transmission of that exhibit.

Following *Fletcher*, we vacate the trial court's true finding that Rice's 2012 conviction qualifies as a prior serious felony conviction, and we remand the matter to the trial court for any retrial of that prior conviction allegation, applying the elements of section 186.22 as amended by AB 333. (See *Fletcher*, p. 608.)[7]

To the extent the Attorney General suggests that Rice has forfeited his AB 333 argument because he did not raise it in the trial court, we reject this contention.[8] By treating Rice's 2012 conviction as a prior strike conviction, the trial court imposed a sentence that is unauthorized by law under *Fletcher*. Rice's argument is therefore not forfeited. (*People v. Mancebo* (2002) 27 Cal.4th 735, 749, fn. 7 [forfeiture principles do not apply to legal error resulting in an unauthorized sentence]; *People v. Lynch* (2024) 16 Cal.5th 730, 751 ["The unauthorized sentence rule is an exception to the [forfeiture] doctrine. It permits a challenge to an unauthorized sentence on appeal even if the defendant failed to object below"].)

## III.   *Brady/Pitchess* Review

Rice requests that we independently review his sealed in-camera hearing to "determine whether the trial court made an adequate record, and if the court abused its discretion by concluding the records reviewed did not contain any discoverable information." The Attorney General does not oppose that

---

[7]     Because Rice's judgment is not yet final, he is entitled to the retroactive benefit of AB 333. (*Fletcher*, *supra,* 18 Cal.5th at p. 583.)

[8]     We address forfeiture out of an abundance of caution as it is not totally clear whether the Attorney General has raised it specifically in relation to Rice's AB 333 argument.

request.  We have conducted such an independent review, and we discern no procedural or substantive error.

## A. Governing Principles

In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." (*Brady*, *supra*, 373 U.S. at p. 87.)  " 'For *Brady* purposes, evidence is favorable if it helps the defense or hurts the prosecution, as by impeaching a prosecution witness.' [Citations.] Evidence is material ' "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." ' " (*Association for Los Angeles Deputy Sheriffs v. Superior Court* (2019) 8 Cal.5th 28, 40.)  " 'A reasonable probability does not mean that the defendant "would more likely than not have received a different verdict with the evidence," only that the likelihood of a different result is great enough to "undermine[ ] confidence in the outcome of the trial." ' " (*Ibid.*)

Because of the confidentiality afforded to law enforcement officer personnel files, when a party in a criminal case receives notice that material disclosable under *Brady* is potentially contained within a law enforcement officer's file, the party must first ask the trial court to review that file in camera, outside the presence of the parties, using the method first approved in *Pitchess*, *supra*, 11 Cal.3d 531.  (*Serrano v. Superior Court* (2017) 16 Cal.App.5th 759, 774 (*Serrano*).)  An indication from the prosecution that an officer file contains *Brady* material, and some indication that the officer's credibility will be at issue at trial, is generally enough for entitlement to in-camera review.  (*Serrano*,

9

at p. 774.)  The trial court will then review the material to see if any materials must be disclosed under *Brady*.  (*Serrano*, at p. 774; see also *Eulloqui v. Superior Court* (2010) 181 Cal.App.4th 1055, 1067-1068 (*Eulloqui*).)

Beyond *Brady*, the *Pitchess* procedure may also be used to obtain other materials relevant to the defense of a criminal case. A non-*Brady Pitchess* motion must include a declaration that " 'propose[s] a defense or defenses to the pending charges' " and " 'articulate[s] how the discovery sought may lead to relevant evidence or may itself be admissible [through] direct or impeachment evidence [citations] that would support those proposed defenses.' "  (*Eulloqui, supra*, 181 Cal.App.4th at pp. 1063-1064.)  The defendant seeking ordinary, non-*Brady*, *Pitchess* discovery must present " 'a specific factual scenario of officer misconduct that is plausible when read in light of the pertinent documents' " and explain how that specific factual scenario is relevant to a defense at trial.  (*Elloqui*, at p. 1064.) "Materials from an officer's personnel file reflecting dishonesty or nonfelony acts of moral turpitude do not become discoverable simply because a defendant argues that the officer will testify and might testify falsely."  (*Ibid*.)  However, once those threshold requirements have been met, to obtain disclosure of non-*Brady Pitchess* materials, the defendant then need show only that information contained in personnel files meets a "relevance standard," i.e., is material to the " ' "subject matter involved in the pending litigation," ' " a lower standard than the "reasonable probability" constitutional materiality standard set forth in *Brady*.  (*Elloqui*, at pp. 1064-1065.)  Thus, "*Pitchess* 'creates both a broader and lower threshold for disclosure than does [*Brady*].' " (*Eulloqui*, at p. 1064.)

Regardless of whether the materials sought are *Brady* materials or "pure" *Pitchess* materials, at the in-camera hearing, "[t]he trial court should . . . make a record of what documents it examined before ruling on the *Pitchess* motion[,]" such as by "prepar[ing] a list of the documents it considered, or simply stat[ing] for the record what documents it examined." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1229.) The appellate court independently examines the record made by the trial court "to determine whether the trial court abused its discretion in denying a defendant's motion for disclosure of police personnel records." (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

**B. Analysis**

We discern no procedural or substantive error in the trial court's review. Procedurally, the trial court correctly provided clear descriptions of each document it reviewed. In addition, it adequately explained its reasons for concluding the information contained in those documents was not discoverable. We further conclude the matter need not be remanded for additional proceedings for purposes of augmenting the record. Where, as here, "the court 'state[d] for the record what documents it examined,'" the transcript of the *Pitchess* hearing alone "is adequate for purposes of conducting a meaningful appellate review." (*People v. Myles* (2012) 53 Cal.4th 1181, 1209.)

Substantively, applying both the *Brady* disclosure standards and the non-*Brady Pitchess* review standards, we see no error in the trial court's failure to order further discovery. Having reviewed the trial court's in-camera proceeding, none of the records at issue would, if disclosed, have had any reasonable probability of affecting the outcome of the trial. Therefore, the records were not disclosable under *Brady*. Similarly, none of the

11

records were relevant under the *Pitchess* standards. The trial court therefore did not err, and did not abuse its discretion, by not ordering further discovery.

## DISPOSITION

Consistent with *Fletcher*, we vacate the trial court's true finding that Rice's 2012 conviction qualifies as a prior serious felony conviction, and we remand the matter to the trial court for any retrial of that prior conviction allegation, applying the elements of section 186.22 as amended by AB 333. We affirm the judgment in all other respects.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TAMZARIAN, J.

We concur:

MORI, Acting P. J.

VAN ROOYEN, J.*

---

\* Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.